IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| USA FOR THE USE AND BENEFIT OF SPIRTAS WORLDWIDE, LLC, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 3:21-CV-00182-MAB |
| vs. | ) ) |
| SGLC CONSULTING LLC, ET AL., | ) ) ) |
| Defendants. | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Presently before the Court is Plaintiff's second motion to amend/correct, in which Plaintiff requests to file a second amended complaint (Doc. 56). For the reasons set forth below, and over Defendants' objections, the motion is granted.

As background, Plaintiff filed this lawsuit on February 16, 2021. Before Defendants filed responsive pleadings to the complaint, Plaintiff filed a motion to amend/correct the complaint on March 30, 2021 (Doc. 36). The Court granted this motion, pursuant to Federal Rule 15(a)(2) ("The court should freely give leave when justice so requires"), and instructed Plaintiff to file the amended complaint, which Plaintiff did on April 8, 2021 (Doc. 43).

On April 21, 2021, Defendant SGLC Consulting LLC filed a motion to compel arbitration as to Counts II and III of Plaintiff's amended complaint (Doc. 47). In this motion, Defendant SGLC Consulting LLC argued that two of Plaintiff's claims, specifically Counts II and III, must be arbitrated pursuant to a Trade Partners Agreement

("TPA") executed by the parties (Doc. 47, p. 3). Additionally, Defendant SGLC argued that Count I (Plaintiff's Miller Act claim) must be stayed pending arbitration, as the success of this claim is dependent on the outcome of arbitration for Counts II and III (Doc. 47, pp. 5-6). The same day, Defendant Grant Cunningham filed a motion to dismiss for failure to state a claim as to Count IV of the amended complaint (Doc. 48). Very generally, Defendant Cunningham argues that Plaintiff cannot sustain his Count IV claim because the Illinois Consumer Fraud and Deceptive Practices Act does not cover the type of business relationship that existed between Defendant Cunningham and Plaintiff.

The parties filed response and reply briefs (Docs. 50, 51, 52, 53, 54). The third Defendant, Westchester Fire Insurance Company, filed a motion to stay the proceedings pending arbitration, which the Court granted on July 7, 2021, stating that Defendant Westchester's response to Plaintiff's complaint was stayed pending the resolution of the pending motion to compel (Doc. 55).

On August 26, 2021, Plaintiff filed a second motion to amend the complaint, detailing that he wished to amend his complaint to delete Counts II and III (Doc. 56, p. 1).[1] Plaintiff argued that the motion would "in effect, moot Defendant's Motion to Compel Arbitration" and should be granted for purposes of judicial economy in order to

---

[1] Plaintiff submitted his proposed amended complaint through email to the Court's proposed documents inbox (and including all opposing counsel), and filed a corresponding motion on the docket on August 26, 2021. Although Plaintiff states he wishes to delete Counts I and II in his motion to amend, he detailed in his email that the amended complaint deletes Counts II and III. The proposed amended complaint also shows that he has deleted Counts II and III, as opposed to Counts I and II. Accordingly, the Court attributes the discrepancy between his motion (Counts I and II) and his correspondence and proposed complaint (Counts II and III) to a scrivener's error.

streamline the proceedings (Doc. 56, p. 1). Defendants SGLC and Cunningham opposed the motion, filing their joint response on September 1, 2021 (Doc. 58). In their response, Defendants argue that the Court should rule on the fully-briefed pending motions to compel arbitration and dismiss, as Plaintiff is incorrect and his amended complaint would not "moot out" the pending motion to compel (Doc. 58, pp. 2-4). Additionally, Defendants argue that Plaintiff's other claims are still dependent on settling the issue of whether the parties must arbitrate pursuant to the TPA; therefore, it is best to rule on the motion to compel now as opposed to waiting for another round of briefing. *Id.*

Even if Defendants are correct that Plaintiff's amended complaint will not cure the issues presented in Defendant SGLC's motion to compel arbitration, Plaintiff is the master of his case and can amend the complaint to include, and eliminate, the claims he wishes to pursue. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Additionally, Rule 15(a)(2) provides that courts should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). This case is still in its early stages and a scheduling Order has not yet been entered; therefore, Plaintiff has not missed the deadline to amend.[2] Were it not for Defendants' objections to Plaintiff's motion, granting Plaintiff's motion would be, customarily, automatic. Allowing Plaintiff to potentially eliminate some claims

---

[2] When the deadline for amending the pleadings has elapsed, the court should first consider whether "good cause" for the amendment exists under Rule 16(b)(4) before considering whether justice requires leave to amend under Rule 15. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (internal citations omitted). In determining whether good cause exists, "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citations omitted). And, in determining whether justice requires leave, district courts should consider if undue delay, bad faith, or dilatory motive existed, if the plaintiff repeatedly failed to cure deficiencies in the complaint, if the opposing party would suffer undue prejudice, and whether the amendment would be futile. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017).

for the purpose of judicial economy is also compelling, particularly in the early stages of this litigation. With this said, Plaintiff is cautioned that the Court is unlikely to grant further motions for leave to amend should the new complaint prompt similar rounds of briefs, as "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case." *Johnson v. Methodist Med. Ctr. of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993).

The Court recognizes Defendant SGLC's objections, as it is clear that "federal law favors arbitration" over binding arbitration agreements. *Brickstructures, Inc., v. Coaster Dynamic, Inc.,* 952 F.3d 887, 891 (7th Cir. 2020) (internal citations omitted); *See also Varma v. TCC Wireless, LLC,* Case No. 19-cv-7152, 478 F.Supp.3d 724, 728 (N.D. Ill. Aug. 12, 2020) (emphasizing that an arbitration agreement is binding only when the parties have agreed to arbitrate). Arbitration relies on the consent of both parties, and "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute.*" *Noe v. Smart Mortgage Centers, Inc.,* Case No. 21 CV 1668, 2021 WL 4283027 (N.D. Ill. Sept. 21, 2021) (quoting *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 561 U.S. 287, 296 (2010).[3] Therefore, once Plaintiff files his amended complaint, Defendant SGLC is granted leave to refile its motion to compel arbitration, should the issue of arbitration still be central to addressing Plaintiff's claims.

For the reasons outlined here, Plaintiff's motion to amend is **GRANTED** over the objections of Defendants SGLC and Cunningham. *Cohen v. Ill. Inst. Of Tech.,* 851 F.2d 658,

---

[3] To determine this, the Court would have to evaluate the TPA at issue to determine, under state law contract principles, the validity and scope of the arbitration agreement contained therein. *Gupta v. Morgan Stanley Smith Barney, LLC,* 934 F.3d 705, 710-11 (7th Cir. 2019); *See also Penn v. Ryan's Family Steak Houses, Inc.,* 269 F.3d 753, 758 (7th Cir. 2001).

661 (7th Cir. 1978) ("The decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court."). Plaintiff is instructed to file the second amended complaint instanter.

The pending motion to compel arbitration is **DENIED without prejudice** and with leave to refile, should the motion still be appropriate after the second amended complaint is filed. Similarly, Defendant Cunningham's motion to dismiss is also **DENIED without prejudice** with leave to refile, as it is unclear how Plaintiff's second amended complaint could impact Defendant Cunningham's arguments. As for Defendant Westchester's stay on its response deadline, Defendant Westchester's stay is now **LIFTED** as the pending motion to compel has been denied. Defendant Westchester's responsive pleading to Plaintiff's complaint is due twenty-one days from the date it is filed on the docket. *See* FED. R. CIV. P. 12(a)(1)(A)(i).

**IT IS SO ORDERED.**

**DATED: November 29, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**